UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| ELIQUITECH, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 1:16-cv-03361-RLY-DML |
| | ) | |
| DAVID COOK, DAVID COLEMAN, | ) | |
| DALE GRUBB, MARJORIE MAGINN, in | ) | |
| their official capacities as the Indiana | ) | |
| Alcohol and Tobacco Commission; and the | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER ON PLAINTIFF'S MOTION FOR TEMPORARY
RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

On December 14, 2016, Plaintiff, eLiquiTech, Inc. ("eLT"), moved for a temporary restraining order and preliminary injunction. Specifically, eLT asked the court to enjoin Defendants, Commissioners of the Indiana Alcohol and Tobacco Commission (the "ATC") and the State of Indiana, from enforcing certain provisions of the Vapor Pens and E-Liquid Act (the "Act"), Ind. Code §§ 7.1-7-1-1 *et seq.* The parties agree eLT seeks relief that is materially identical to that granted by this court in another case that involved a challenge to these same statutory provisions, *GoodCat, LLC v. Cook*, Case No. 1:16-cv-1514-RLY-DML. In *GoodCat*, this court found that GoodCat had "a reasonable likelihood of succeeding on the merits of its claim under the dormant Commerce Clause, and that, absent a preliminary injunction, GoodCat w[ould] suffer irreparable harm that would outweigh any potential harm to Defendants, Intervenors, or the public interest."

1

(*GoodCat*, Filing No. 54 at 37).  In this case, the court requested Defendants' input on whether there are any substantive differences between the issues raised by eLT in the instant motion and the issues decided by the court in its Findings of Fact, Conclusions of Law, and Order in *GoodCat*.

Having considered the parties' submissions, the court now issues a preliminary injunction in favor of eLT that is identical to the Findings of Fact, Conclusions of Law, and Order at Filing No. 54 in *GoodCat*.  For the reasons espoused in *GoodCat*, the court **GRANTS** eLT's Motion for Temporary Restraining Order and Preliminary Injunction (Filing No. 5).  The court hereby **ENJOINS** the ATC from enforcing Indiana Code §§ 7.1-7-2-14, 7.1-7-2- 22(3)(B), and 7.1-7-4-1(d) against eLT.  This includes, among the other provisions just mentioned, the following:

a. The requirement that eLT contract with a security firm that has continuously employed, for not less than the previous one-year period, at least one employee who is accredited or certified by the Door and Hardware Institute as an Architectural Hardware Consultant and cannot instead subcontract with such a person for any relevant services;

b. The requirement that eLT contract with a security firm that has continuously employed, for not less than the previous one-year period, at least one employee who is accredited or certified as a certified Rolling Steel Fire Door Technician by the International Door Association or the Institute of Door Dealer Education and Accreditation and cannot instead subcontract with such a person for any relevant services;

c. The requirement that eLT contract with a security firm that employs an employee that, for at least a one-year period, has been certified as a professional locksmith by the Associated Locksmiths of America and cannot instead subcontract with such a person for any relevant services;

d. The requirement that eLT contract with a security firm with at least one year of commercial experience in the preceding year with owning and operating a security monitoring station with ownership, control, and use of a redundant offsite backup security monitoring station and cannot subcontract with any company for such remote security monitoring station services; and

e. The requirement that eLT contract with a security firm that has at least one year of commercial experience in the preceding year with operating a facility that modifies commercial hollow metal doors, frames, and borrowed lights with authorization to apply the Underwriters Laboratories label.

The court further **ORDERS** the ATC to issue eLT a manufacturing permit until eLT or, should it be controlling, GoodCat's claims reach final disposition. However, the court notes that eLT must comply with all other provisions of the Act not enjoined by this court.[1]

**SO ORDERED** this 21st day of February 2017.

						RICHARD L. YOUNG, JUDGE
						United States District Court
						Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.

---

[1] The court is aware of the Seventh Circuit's recent decision in *Legato Vapors, LLC v. Cook*, No. 16-3071, --- F.3d ---, 2017 WL 393259 (7th Cir. Jan. 30, 2017). In that case, the Seventh Circuit remanded to this court with instructions to declare Indiana Code §§ 7.1-7-4-1(d)(1)-(3), (6), (8)-(10); 7.1-7-4-6(b)(8), (10)-(16), and (19) unenforceable against out-of-state manufacturers. *Id.* at *10. The appellate court issued its mandate on February 21, meaning that the required order from this court should follow shortly. Because that order has yet to issue, the court grants no additional relief on the basis of the *Legato* decision.